UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JENNIFER MINCHEW,**

    **Plaintiff,**

v.                                                                              Case No.:

**TESLA FLORIDA, INC., a/k/a**
**TESLA, INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jennifer Minchew ("Plaintiff"), by and through undersigned counsel, herby sues Tesla Florida, Inc. a/k/a Tesla, Inc. ("Defendant") and in support of states as follows:

## NATURE OF ACTION

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADAAA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and the ADAAA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4. Plaintiff is a resident of Duval County, Florida.

5. Plaintiff worked for Defendant in Duval County, Florida.

6. Defendant is a Foreign Profit Corporation with its principal location in Travis County, Texas.

7. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents and/or employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8. Plaintiff is considered an "employee" within the meaning of Title VII and the ADAAA.

9. Defendant is considered an "employer" within the meaning of Title VII and the ADAAA.

10. Plaintiff is "disabled" as defined by the ADAAA.

11. Defendant knew of Plaintiff's disability during her employment.

12. Plaintiff was a "qualified individual" as defined by the ADAAA during her employment with Defendant.

## PROEDURAL REQUIREMENTS

13. Plaintiff timely dual-filed charges of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

14. The EEOC issued a "Determination and Notice of Rights" letter on or about January 25, 2023 authorizing an action to be commenced against Defendant within ninety (90) days of receipt of that letter.

15. This complaint and demand for jury trial was filed within ninety (90) days of receipt of the "Determination and Notice of Rights" letter.

## STATEMENT OF FACTS

16. Plaintiff's sex is female.

17. Plaintiff began her employment with Defendant on or around June 22, 2020 as a Service Technician at Defendant's Jacksonville, FL location.

18. After becoming a Service Technician, Plaintiff was treated in a disparate manner as compared to her similarly situated male co-workers.

19. Plaintiff was given a disproportionate amount of work, was held to different objective standards and was blamed for poor work that she simply didn't perform.

20. Further, at least four other similarly situated male co-workers, German, Shawn, Amir and Jeremy, were given additional training that was not offered to Plaintiff.

21. Additionally, similarly situated male co-workers, Lincoln (last name unknown) and Sean (last name unknown), told Plaintiff that they had not been disciplined for things that Plaintiff was being accused of and disciplined for by her male supervisor, Christopher Stanton ("Mr. Stanton").

22. During Plaintiff's employment, she was given menial tasks, such as sweeping the floor, taking the trash out and discarding the other technician's discarded parts, that her similarly situated male co-workers were not subjected to.

23. When Plaintiff made a mistake in the workplace, as all similarly situated male co-workers did during the course of their employment, she was made to feel isolated, ashamed, humiliated and embarrassed.

24. On or around July 7, 2021, Mr. Stanton confronted Plaintiff and threatened to fire her because he had heard that Plaintiff said she was being "targeted" in the workplace.

25. Further, Mr. Stanton told Plaintiff that if she makes a similar complaint again that she would be fired.

26. On or around July 21, 2021, Mr. Stanton made disparaging comments about Plaintiff's appearance in front of her fellow employees.

27. Plaintiff's similarly situated male co-workers were not subjected to any disparaging comments about their appearances.

28. On or about July 23, 2021, Plaintiff informed Mr. Stanton of her disability, hearing loss, and her need to seek medical treatment.

29. Plaintiff's hearing loss substantially limits her ability to hear.

30. Plaintiff informed Mr. Stanton of her need to take leave to attend a doctor's appointment on or around September 5, 2021.

31. On or about August 2, 2021 Plaintiff filed a complaint with Human Resources concerning the ongoing discriminatory treatment.

32. Two days later, on or about August 4, 2021, Plaintiff was terminated.

33. Plaintiff has retained the undersigned and agreed to pay him a fee.

### CLAIMS FOR RELIEF

### Count I – Discrimination Because of Sex in Violation of Title VII

34. All allegations prior to Count I are reallaged and incorporated herein.

35. Defendant terminated Plaintiff's employment because of her sex, female.

5

36. Plaintiff's sex was a motivating factor that prompted Defendant to terminate Plaintiff's employment.

37. Defendant's termination of Plaintiff because of her sex constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of her employment.

38. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count II – Retaliation in Violation of Title VII

39. All allegations prior to Count I are reallaged and incorporated herein.

40. Plaintiff engaged in protected activity by opposing Defendant's unlawful discrimination and by filing a complaint with Human Resources.

41. Defendant then took an adverse employment action by terminating Plaintiff's employment.

42. Defendant took the adverse employment action because of Plaintiff's protected activity.

43. As a direct and proximate cause of Defendant's unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count III – Discrimination in Violation of the ADAAA

44. All allegations prior to Count I are reallaged and incorporated herein.

45. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

46. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

47. Defendant terminated Plaintiff because of her disability.

48. Defendant's discharge of Plaintiff because of her disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of her employment.

49. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count IV – Failure to accommodate in violation of the ADAAA

50. All allegations prior to Count I are reallaged and incorporated herein.

51. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

52. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

53. Plaintiff requested leave as an accommodation due to her own disability.

54. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate her disability, failed to establish that the requested accommodation was an undue hardship, and failed to reasonably accommodate Plaintiff's disability.

55. As a direct and proximate cause of Defendant's failure to accommodate Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count V – Retaliation in violation of the ADAAA

56. All allegations prior to Count I are reallaged and incorporated herein.

57. Plaintiff engaged in protected activity by requesting a reasonable accommodation in the form of leave.

58. Defendant retaliated against Plaintiff by terminating her employment.

59. As a direct and proximate cause of Defendant's retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b)     Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, liquidated damages, punitive damages, declaratory relief, injunctive relief and prejudgment interest thereon;

(c)     All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d)     For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this  19th  day of April, 2023 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Attorney for Plaintiff*
